IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAH REGAN,

      Plaintiff,

v.                                                                                            No. 1:23-cv-00757-JCH-JFR

JESUS MONCADA,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, was employed as a teacher at Christine Duncan Heritage Academy ("Academy"). Defendant is the "Principal/Superintendent" of the Academy. *See* Complaint at 1. Plaintiff submitted

> a[n] Official request from me on August 27, 2021, to my employer to Retire to follow a Doc-U-Sign contractual agreement with the New Mexico Educational Retirement Board. After both parties had submitted our electronic signatures and agreed to use them to complete my retirement process, he chose not to, withheld his sign[a]ture and repeatedly kept submitting it with the incorrect last day of employment resulting in the depletion of my finances.
> . . . .
> I believe I was retaliated against by my employer after submitting a "Request for Accommodations/Considerations" and my Doctor's note recommending I be allowed to work from home until the Pandemic was over. I was an elementary school teacher at a Charter School with no union and an at-will contract. I was then given a letter threatening Disciplinary Action or Termination if I did not return. Once I did return, I was treated so unfair, targeted, experienced many incidents of workplace intimidation, harassment and not given any accommodations. I was also not given a Resource Teacher position I had applied for the whole 5 years working at the School. The position was instead offered to a young, healthy woman who was 36 years old . . . .

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, 8, Doc. 1, filed September 5, 2023 ("Complaint").

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint should be dismissed because it fails to state claims upon which relief can be granted:

> Plaintiff appears to assert a failure-to-accommodate claim pursuant to the Americans with Disabilities Act ("ADA"). To establish a prima facie failure-to-accommodate claim, Plaintiff must allege: "1) she was disabled, 2) she was otherwise qualified, 3) she requested a plausibly reasonable accommodation, and 4) the [employer] refused to accommodate her disability." *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020). Plaintiff states she made a request for accommodation based on her doctor's note recommending that Plaintiff be allowed to work from home but has not alleged facts showing that Plaintiff's condition qualifies as a disability under the ADA. Nor has Plaintiff alleged facts describing her requested accommodation.
>
> Plaintiff appears to assert a retaliation claim pursuant to the ADA. "To establish a prima facie case of ADA retaliation, a plaintiff must prove that (1) he 'engaged in a protected activity'; (2) he was 'subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity'"; and (3) there was 'a causal connection between the protected activity and the adverse employment action.'" *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016). Plaintiff alleges that she experienced many incidents of workplace intimidation and harassment, but does not describe the alleged retaliation, who retaliated against her and when they did it.
>
> Plaintiff appears to assert a claim pursuant to the Age Discrimination in Employment Act. To prove a prima facie case of age discrimination, a plaintiff must show: "1) she is a member of the class protected by the [ADEA]; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class." *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1279 (10th Cir. 2010). Plaintiff has not alleged facts showing that she was qualified for the Resource Teacher position or that age was a motivating factor in the hiring of the younger teacher.
>
> Finally, the Complaint fails to state a claim against the sole Defendant, Jesus Moncada, who is the "Principal/Superintendent" of the Academy. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The only allegation that clearly applies to Defendant Moncada indicates that he withheld his signature from a document regarding Plaintiff's retirement. The Complaint states Plaintiff "was retaliated against by my employer" and that she was employed as a teacher at a charter school but does not otherwise clearly explain what Defendant Moncada did to Plaintiff and when he

> did it. It is not clear to whom Plaintiff is referring when she refers to her "employer." It is also not clear from the Complaint: (i) who issued the letter threatening discipline to Plaintiff; (ii) who made the decision to not provide Plaintiff with accommodations due to her alleged disability; (iii) who made the decision to not offer the Resource Teacher position to Plaintiff; and (iv) who committed the unspecified retaliatory acts.

Order for Amended Complaint at 2-4, Doc. 5, filed October 5, 2023.

Judge Robbenhaar ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* Order for Amended Complaint at 5. Plaintiff did not file an amended complaint by the October 26, 2023, deadline.

The Court dismisses this case without prejudice because: (i) the original Complaint failed to state a claim upon which relief can be granted; and (ii) Plaintiff did not file an amended complaint that states a claim.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE