IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SABRINA LARSEN,

    Plaintiff,

v.                                                                                            No. 1:23-cv-00449-JCH-JMR

HILTON MANAGEMENT, LLC,
and JOHN DOES 1-10,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on *Defendant Hilton Management, LLC's Motion to Dismiss* (ECF No. 8). The case arises out of a 2023 slip-and-fall at the Hilton Santa Fe Buffalo Thunder ("Buffalo Thunder"). *See* Compl. ¶ 6 (ECF No. 1-2). According to an affidavit from an employee of Hilton Management, LLC ("Defendant Hilton"), Buffalo Thunder is independently owned and operated by Buffalo Thunder Inc. pursuant to a franchise agreement. *See* Def.'s Ex. A, ¶¶ 1, 3. Defendant Hilton is not a party to the franchise agreement; does not own, operate, manage, or control Buffalo Thunder; does not employ or supervise anyone working at Buffalo Thunder; and does not occupy Buffalo Thunder's premises. *See id.* ¶¶ 4-10.

    Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a complaint for "lack of personal jurisdiction." Rule 12(b)(6) authorizes a court to do the same for "failure to state a claim upon which relief can be granted." And Rule 12(b)(1) authorizes dismissal for "lack of subject-matter jurisdiction."

    First, Defendant Hilton argues that Ms. Larsen has not established personal jurisdiction over it. *See* Def.'s Br. 2 (ECF No. 8-1). As Defendant Hilton points out, "[t]he plaintiff bears the burden of establishing personal jurisdiction." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th

1

Cir. 2011). Second, Hilton argues that because it "had nothing to do with either the hotel franchise agreement or the operations or management of the hotel," the complaint fails to state a claim against Defendant Hilton. ECF No. 8-1, at 4. Based on these two arguments, Defendant Hilton requests dismissal of the claims against it under Rules 12(b)(2) and (b)(6). *See id.*

Third, Defendant Hilton asserts that, if the Court dismisses the claims against it, the remaining Doe defendants would be either tribal employees or entities. *See id.* at 5. According to Defendant Hilton, this case would then involve "a (presumably) non-Indian Plaintiff, an Indian defendant, and a slip and fall that occurred on Indian Land." *Id.* at 7. As a result, Defendant Hilton requests that this Court dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1). All told, Defendant Hilton requests a dismissal without prejudice. *Id.* at 8.

Ms. Larsen agrees with Defendant Hilton. *See* Pl.'s Resp. 1 (ECF No. 11) ("Plaintiff is unable to make a colorable argument in opposition to the Motion."). Still, she asks for limited jurisdictional discovery. To support this request, Ms. Larsen points to a state-court case arising out of a 2016 slip-and-fall at Buffalo Thunder. There, Defendant Hilton appeared to recognize it was subject to the state court's jurisdiction. *See id.*

But as Ms. Larsen candidly acknowledges, the facts (if any) supporting personal jurisdiction over Defendant Hilton in that case were "probably superseded" by Buffalo Thunder's current franchise agreement. *Id.*; *see also* Def.'s Reply 1 (ECF No. 12) (stating that current franchise agreement superseded jurisdictional facts from state-court case); Def.'s Ex. B, ¶ 1, 4-5 (ECF No. 8-3) (affidavit of Chief General Counsel for Pueblo of Pojoaque describing franchise agreement); Def's Ex. C (ECF No. 8-4) (current franchise agreement.) Thus, the state-court case about the 2016 slip-and-fall does not support jurisdictional discovery here.

Like Defendant Hilton, Ms. Larsen requests a dismissal without prejudice if the Court were to deny her discovery request.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that *Defendant Hilton Management, LLC's Motion to Dismiss* (**ECF No. 8**) is **GRANTED**. Plaintiff Sabrina Larsen's claims, and thus this case, are **DISMISSED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE